Filed 9/2/25  P. v. Jackson CA3

Opinion following transfer from Supreme Court

## <u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C097977 |
| Plaintiff and Respondent, | (Super. Ct. No. STK-CR-FE-2019-0000342) |
| v. | |
| TAVARES DESHAWN JACKSON, | OPINION ON TRANSFER |
| Defendant and Appellant. | |

In 2021, defendant Tavares Deshawn Jackson pleaded no contest to attempted murder and admitted to the enhancement allegations that he personally inflicted great bodily injury on the victim and personally used a firearm.  In 2022, defendant petitioned for resentencing pursuant to Penal Code section 1172.6.[1]  The trial court denied the

---

[1]     Undesignated section references are to the Penal Code.  Defendant petitioned for resentencing under former section 1170.95.  Effective June 30, 2022, the Legislature renumbered former section 1170.95 as section 1172.6 without substantive changes.  (Stats. 2022, ch. 58, § 10.)  We cite to section 1172.6 throughout this opinion.

1

petition at the prima facie stage, concluding defendant was ineligible for relief as a matter of law because the preliminary hearing transcript established that he was the actual shooter.

On appeal, defendant originally argued: (1) the trial court improperly relied on the preliminary hearing transcript, (2) the trial court erroneously engaged in factfinding at the prima facie stage, and (3) cumulative prejudicial error warranted reversal. In our prior unpublished opinion, we concluded that the trial court erred in relying on the preliminary hearing transcript to deny defendant's petition at the prima facie stage, found that nothing else in the record established defendant's ineligibility for resentencing as a matter of law, reversed the trial court's order denying defendant's petition, and remanded for the trial court to issue an order to show cause. (*People v. Jackson* (Jan. 10, 2024, C097977) [nonpub. opn.].)

The California Supreme Court granted review and transferred the matter back to us with directions to vacate our opinion and reconsider the cause in light of *People v. Patton* (2025) 17 Cal.5th 549 (*Patton*). Having done so, we will vacate the trial court's order denying defendant's section 1172.6 petition and remand for the trial court to reconsider the petition, consistent with *Patton* and this opinion, if defendant seeks to amend his petition to allege additional facts within 30 days of remand.

BACKGROUND

An information charged defendant with two counts of attempted murder (§§ 664, 187, subd. (a); counts 1 & 2), being a prohibited person in possession of a firearm (§ 29800, subd. (a)(1); count 3), and being a prohibited person in possession of ammunition (§ 30305, subd. (a)(1); count 4). In connection with counts 1 and 2, the information alleged defendant personally and intentionally discharged a firearm causing great bodily injury (§ 12022.53, subd. (d)), personally inflicted great bodily injury causing the victim to become comatose due to brain injury or to suffer paralysis (§ 12022.7, subd. (b)), and personally inflicted great bodily injury (§ 12022.7, subd. (a)).

2

The information also alleged defendant had a prior strike. (§§ 667, subd. (d), 1170.12, subd. (b).) The trial court granted the prosecution's motion to amend the information to add an enhancement allegation that defendant personally used a firearm. (§ 12022.5, subd. (a).)

In April 2021, defendant pleaded no contest to count 2, attempted murder (§§ 664, 187, subd. (a)) with no willful, deliberate, and premeditated allegation, and admitted the enhancement allegations that he personally inflicted great bodily injury (§ 12022.7, subd. (a)) and personally used a firearm (§ 12022.5, subd. (a)). The parties stipulated that the preliminary hearing transcript provided the factual basis for the plea. The trial court dismissed the remaining counts and struck the remaining enhancement allegations. The court sentenced defendant to an aggregate determinate prison term of 16 years, consisting of the upper term of nine years on count 2, three years for the great bodily injury enhancement, and the middle term of four years on the firearm enhancement.

Following the enactment of Senate Bill No. 775 (2021-2022 Reg. Sess.) (Senate Bill No. 775) (Stats. 2021, ch. 551), defendant filed a petition to have his conviction vacated and for resentencing. He asserted (1) a complaint was filed against him allowing the prosecution to proceed under a theory of attempted murder, (2) he was convicted of attempted murder pursuant to a plea, and (3) based on changes made to sections 188 and 189, he could not presently be convicted of attempted murder. He claimed the prosecution proceeded under the natural and probable consequences doctrine. The trial court ordered a hearing and appointed counsel.

At the prima facie hearing, defendant's attorney argued the charges did not exclude defendant from eligibility and stated, "he certainly could have been prosecuted under a theory of aiding and abetting under the natural and probable consequences doctrine."

The trial court denied defendant's petition, concluding he did not establish his prima facie entitlement to relief. The court stated: "The preliminary hearing established

that the defendant was the actual shooter.  He pled to attempted murder with the use of a gun and personal infliction of great bodily injury.  And *People v. Nguyen* [(2020) 53 Cal.App.5th 1154] and [*People v.*] *Lewis* [(2021) 11 Cal.5th 952] say that the court can take into consideration facts that were established at the preliminary hearing.  I don't think I am doing any fact finding or weighing of credibility, it's just the clear theory of [defendant's] case was that he was the direct shooter.  [¶]  So I'm going to find that [defendant] has not made a prima facie case for relief under . . . section 1172.6."

DISCUSSION

I

*Senate Bill No. 1437 and Section 1172.6 Petitions for Resentencing*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437) amended "the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."  (Stats. 2018, ch. 1015, § 1, subd. (f).)  Senate Bill No. 1437 achieved this by amending sections 188 and 189.  Relevant here, section 188, subdivision (a)(3), now provides:  "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought.  Malice shall not be imputed to a person based solely on his or her participation in a crime."

Senate Bill No. 1437 also created, in what is now section 1172.6, a mechanism for individuals convicted of qualifying offenses to petition for resentencing.  And, effective January 1, 2022, Senate Bill No. 775 amended section 1172.6 to expand its coverage to include, among others, individuals convicted of "attempted murder under the natural and probable consequences doctrine . . . ."  (Stats. 2021, ch. 551, § 2; § 1172.6, subd. (a).)

Section 1172.6, subdivision (a), provides, in pertinent part:  "A person convicted of . . . attempted murder under the natural and probable consequences doctrine . . . may

file a petition with the court that sentenced the petitioner to have the petitioner's . . . attempted murder . . . conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:  [¶]  (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of . . . attempted murder under the natural and probable consequences doctrine. [¶]  (2) The petitioner was convicted of . . . attempted murder . . . following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of . . . attempted murder.  [¶]  (3) The petitioner could not presently be convicted of . . . attempted murder because of changes to Section 188 or 189 made effective January 1, 2019."

If a defendant submits a facially sufficient petition, "the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief."  (§ 1172.6, subd. (c).)  If the petitioner makes a prima facie showing, the court must issue an order to show cause.  (*Ibid*.)

The prima facie bar under section 1172.6, subdivision (c), is " 'very low' " (*People v. Lewis*, *supra*, 11 Cal.5th at p. 972), and the inquiry at the prima facie stage is "limited" (*id*. at p. 971).  " ' "[T]he court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' "  (*Ibid*.)  To determine whether the petitioner has made a prima facie showing, the trial court may examine the record of conviction.  (*Id*. at pp. 970-971.)  The record of conviction will assist the court in distinguishing "petitions with potential merit from those that are clearly meritless."  (*Id*. at p. 971.)  "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' "  (*Id*. at p. 972.)  " 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' "  (*Id*.

5

at p. 971.)  We review de novo a trial court's denial of a section 1172.6 petition at the prima facie stage.  (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101.)

II

Patton

In *Patton*, *supra*, 17 Cal.5th at page 549, the California Supreme Court considered whether "a court, in determining at the prima facie stage whether a petitioner was convicted under a now-invalid theory, [may] rely on unchallenged, relief-foreclosing facts within a preliminary hearing transcript to refute conclusory, checkbox allegations . . . ."  (*Id*. at p. 564.)  The Supreme Court held that a trial court may do so, and that doing so does not constitute impermissible judicial factfinding.  (*Ibid*.)

The petitioner in *Patton* submitted a preprinted, checkbox form petition averring that he met the statutory conditions for relief under section 1172.6.  (*Patton*, *supra*, 17 Cal.5th at p. 559.)  In opposition, the People relied on factual matters contained in the preliminary hearing transcript.  (*Id*. at p. 560.)  At the preliminary hearing, a police officer identified the petitioner as the shooter in a surveillance video.  (*Id*. at p. 557.)  In their opposition to the petition, the People emphasized that the preliminary hearing testimony indicated that the petitioner was the sole participant in the shooting resulting in the attempted murder charge.  (*Id*. at p. 560.)  The People further emphasized the petitioner's admission to discharging a firearm in the commission of the crime.  (*Ibid.*)  Based on these circumstances, the People argued that the petitioner had been convicted under a direct perpetrator theory of attempted murder, and that he was therefore disqualified him from resentencing relief.  (*Ibid*.)  The People argued that the petitioner "was 'the only person charged . . .' and nothing suggested he was 'aiding and abetting another perpetrator who committed the attempted murder in the commission of another crime that the attempted murder was the natural and probable consequence of.' "  (*Ibid*.)  The trial court denied the section 1172.6 petition at the prima facie stage, explaining that,

6

based on the unrebutted preliminary hearing transcript, it viewed the petitioner as the sole shooter who acted alone.  (*Patton*, at p. 560.)

After the Court of Appeal affirmed, the Supreme Court granted review and held that "a petitioner who offers only conclusory allegations of entitlement to relief under section 1172.6, in response to a record of conviction that demonstrates the petitioner's conviction was under a still-valid theory, has not, thereby, made a prima facie showing." (*Patton*, *supra*, 17 Cal.5th at p. 557.)  The Supreme Court further observed that the prima facie inquiry in *Patton* did not call for the resolution of a factual dispute.  (*Id*. at pp. 568-569.)  "Rather than resolving a contested factual dispute, statements within [the] preliminary hearing transcript contributed specific factual assertions about his conviction—namely, that it was premised on him being the sole shooter.  Patton's conclusory checkbox allegations alone could not create a factual dispute about whether he played a meaningfully different role in the attempted murder."  (*Id*. at p. 569.)

The Supreme Court clarified that "petitioners confronting a record of conviction that demonstrates relief is unavailable have the burden of coming forward with nonconclusory allegations to alert the prosecution and the court to what issues an evidentiary hearing would entail. . . .  [S]hould a trial court encounter a material fact dispute, the court may not resolve that dispute at the prima facie stage and should instead grant petitioner an evidentiary hearing, assuming relief is not otherwise foreclosed.  [¶] A dispute regarding the basis of a conviction might arise if, for instance, a petitioner points to specific facts that identify someone else as the direct perpetrator. . . .  But absent specific facts, no such dispute arises . . . from mere latent, speculative possibilities; that is, a hypothetical alternate direct perpetrator cannot be conjured from thin air or a legal conclusion."  (*Patton*, *supra*, 17 Cal.5th at p. 567.)  "Conclusory allegations, such as the checkbox ones offered" in *Patton*, "are particularly subject to refutation by the record of conviction."  (*Id*. at p. 564.)  "Where facts from the record of conviction are undisputed, accepting them over contrary legal allegations that are merely conclusory is not

'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at pp. 565-566.)

The Supreme Court concluded: "Patton offered only conclusory allegations of entitlement to resentencing relief under section 1172.6 in response to a record of conviction that the lower courts viewed as foreclosing it because that record foreclosed the conclusion that Patton's conviction was under a now-invalid homicide theory. Patton's petition contains only a checkbox declaration with legal conclusions, he submitted no reply, and he made no argument when invited to do so at the prima facie hearing. After determining the facial validity of a resentencing petition and before ordering an evidentiary hearing, a trial court may properly, at the prima facie stage, reference the record of conviction to ' " 'refut[e]' " ' [citation] conclusory allegations in furtherance of its statutorily required screening function at that juncture of a section 1172.6 proceeding. The Court of Appeal correctly concluded this is not impermissible factfinding and correctly concluded Patton had not, on the record before it, made a prima facie showing." (*Patton*, *supra*, 17 Cal.5th at p. 569.)

Notwithstanding these conclusions, "out of an abundance of caution," and in "light of Patton's request at oral argument . . . to be permitted to plead additional facts on remand" in the event the Supreme Court affirmed the judgment, the Supreme Court remanded the matter to afford the petitioner an opportunity to submit an amended petition within 30 days of remand pleading additional facts. (*Patton*, *supra*, 17 Cal.5th at pp. 569-570.)

III

*Transfer from the Supreme Court and the Parties' Contentions*

In our prior opinion, we concluded that the trial court erred in relying on the preliminary hearing transcript to deny defendant's petition at the prima facie stage. (*People v. Jackson*, *supra*, C097977.) The Supreme Court granted review and transferred

8

the matter back to us with directions to vacate our opinion, which we have done, and to reconsider the cause in light of *Patton*.

In his supplemental brief, defendant argues that the record of conviction does not establish as a matter of law that he is ineligible for section 1172.6 relief. He acknowledges the California Supreme Court's determination that, in considering a section 1172.6 petition at the prima facie stage, a trial court may consider the preliminary hearing transcript as part of the record of conviction whether or not the defendant stipulated to the transcript or its contents. (*Patton*, *supra*, 17 Cal.5th at pp. 564, 569.) However, he maintains that remand for an evidentiary hearing is required because the preliminary hearing transcripts do not contain "unchallenged, relief-foreclosing facts" to refute his petition's allegations. (*Id*. at p. 564.)

The People respond that the record of conviction establishes defendant's ineligibility for resentencing under section 1172.6 as a matter of law and claim that defendant proffers no specific facts to controvert the facts in the record of conviction. However, the People further state that, in light of *Patton*, they do not oppose a limited remand to permit defendant to amend his petition.

IV

*Analysis*

Guided by *Patton*, it is clear the trial court's reliance on the preliminary hearing transcript, as part of the record of conviction, was proper, at least to the extent the transcript contained "unchallenged, relief-foreclosing facts . . . ." (*Patton*, *supra*, 17 Cal.5th at p. 564.)

Defendant emphasizes that six of the seven witnesses who testified at the preliminary hearing were law enforcement officers. He notes that law enforcement hearsay testimony admitted at a preliminary hearing under section 872, subdivision (b), may not be considered by a trial court at a section 1172.6 evidentiary hearing unless that evidence "is admissible pursuant to another exception to the hearsay rule." (§ 1172.6,

9

subd. (d)(3).) According to defendant, by even greater force of reason, such evidence should not be considered in the prima facie inquiry. The Supreme Court alluded to this issue in *Patton* but found it unnecessary to resolve. (*Patton*, *supra*, 17 Cal.5th at p. 557, fn. 2.)

However, even ignoring the testimony of the six law enforcement witnesses, the seventh witness, the victim's wife, testified at the preliminary hearing that the victim was not armed and that defendant ran toward the couple's location and shot the victim. Additionally, defendant was the only individual charged in this matter, and there were no allegations that he aided and abetted any other perpetrator.

Defendant now argues that these were not "unchallenged, relief-foreclosing facts" because "there was a factual dispute as to whether or not the shooting was in self-defense." Defendant cites to the presentence probation report in which he told the probation officer that the victim pulled out a gun and defendant defended himself. Defendant did not include these factual averments in his petition, in his reply to the People's opposition, or at the prima facie hearing. Thus, defendant did not plead, or raise at the hearing, factual allegations that constituted "nonconclusory allegations to alert the prosecution and the court to what issues an evidentiary hearing would entail . . . ." (*Patton*, *supra*, 17 Cal.5th at p. 567.) In the face of the record of conviction, defendant did not advance "specific facts" to raise a dispute concerning the basis of the conviction. (*See ibid*.) The only allegations raised by defendant in his pleadings and at the hearing were conclusory allegations, including that the prosecution proceeded under the natural and probable consequences doctrine. Such conclusory allegations, analogous to "conclusory checkbox allegations," were insufficient to create a factual dispute in the face of the record of conviction. (*Patton*, *supra*, 17 Cal.5th at p. 569; see *id*. at p. 564.)

Concerning the victim's wife's preliminary hearing testimony, defendant emphasizes that defense counsel, not the prosecutor, called her to testify. He argues that this is "significant" because it means either that defense counsel was ineffective or "he

10

wanted to lock [the victim's wife] into a version of events that he believed he could refute at trial." Defendant emphasizes that his attorney represented at the prima facie hearing that defendant "certainly could have been prosecuted under a theory of aiding and abetting under the natural and probable consequences doctrine." Based on this, defendant posits that "it seems more likely that defense counsel knew there were problems with [the victim's wife's] testimony." Thus, defendant argues that the victim's wife's testimony was insufficient to render him ineligible for section 1172.6 relief as a matter of law. We note that counsel's remark at the hearing immediately followed his discussion of the information and the fact that it did not expressly state the prosecution's theory. In context, it appears that counsel's remark suggested that the charging instrument did not foreclose prosecution under the natural and probable consequences doctrine, not counsel's beliefs concerning the state of the evidence. Either way, defendant's attempt to undercut the victim's wife's testimony depends on pure speculation, insufficient to undermine "unchallenged, relief-foreclosing facts" (*Patton*, *supra*, 17 Cal.5th at p. 564) or to render her testimony insufficient as a matter of law.

In the face of the record of conviction, defendant failed to make a prima facie showing of entitlement to section 1172.6 relief.

Defendant argues that, even if we find that he "was required to, and did not, allege additional facts at the prima facie hearing," following *Patton*, we should remand the matter to the trial court "with directions to consider any 'additional facts' should appellant, within 30 days of remand, seek to supplement his petition." Citing *People v. Glass* (2025) 110 Cal.App.5th 922, the People state that they do not oppose a limited remand. In *Glass*, the Court of Appeal concluded that the petitioner "did not include any facts in his reply to the People's response to the petition to support his conclusory allegation his convictions were based on a natural and probable consequences theory." (*Id.* at p. 930.) However, the Court of Appeal went on to observe that, in *Patton*, " 'out of an abundance of caution,' " the Supreme Court remanded the matter to allow the

11

petitioner "to plead 'additional facts' in support of his 'amended petition' " within 30 days of remand. (*Ibid*., quoting *Patton*, *supra*, 17 Cal.5th at pp. 569-570.)  The Court of Appeal concluded:  "As he did not have the benefit of *Patton*'s guidance during the prima facie stage before the trial court, we grant Glass's request" for the same opportunity to replead as was granted in *Patton*.  (*Glass*, at p. 930.)

Accepting the People's position that they do not oppose such a remand, we will follow the course charted in *Glass*.  Given that defendant "did not have the benefit of *Patton*'s guidance during the prima facie stage before the trial court" (*People v. Glass*, *supra*, 110 Cal.App.5th at p. 930), we conclude that the appropriate course is to vacate the trial court's order denying the petition and remand for reconsideration of the petition, consistent with *Patton* and this opinion, if defendant seeks to amend his petition to allege additional facts within 30 days of remand.  (See *Patton*, *supra*, 17 Cal.5th 549 at pp. 569-570; *Glass*, at pp. 930-931.)

## DISPOSITION

The trial court's order denying defendant's section 1172.6 petition is vacated.  The matter is remanded to the trial court for reconsideration of defendant's petition, consistent with *Patton* and this opinion, if defendant seeks to amend his petition to allege additional facts within 30 days of remand.

\s\
Krause, J.

We concur:

\s\
Duarte, Acting P. J.

\s\
Renner, J.

12